# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MALAK BAALIM,                                )
                                             )
             Plaintiff,                    )
                                             )
           vs.                                )          Case No. 4:21-CV-1411 ACL
                                             )
STATE OF MISSOURI, et al.,                   )
                                             )
          Defendants.                         )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Malak Baalim[1], an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the second amended complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

---

[1]Plaintiff is also known as Norbert K.O. Cody.

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a *certified* copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a *certified* copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Complaint and Amended Complaint

On November 30, 2021, plaintiff filed a civil action titled "New Civil Suite." The complaint was handwritten and not on a Court form. Plaintiff named state Judge Katherine Fowler as the sole defendant in this action. On December 2, 2021, the Court directed plaintiff to file an amended complaint on a Court-provided form as required by the Local Rules of the Eastern District of Missouri. He was also directed to file an application to proceed *in forma pauperis*, along with a *certified* prison account statement.

On December 13, 2021, plaintiff timely filed an amended complaint on the Court's Prisoner Complaint form against Judge Katherine Fowler and Lieutenant Brandi Archabeau. Plaintiff alleged in his "Statement of Claim" as follows:

> I was unlawfully incarcerated from 12/25/20 to 06/02/21 held in custody in violation of the El Morocco Peace and Friendship Treaty 1787 Article 7 and violation of uniform commercial code #2019042400584. Case # 2022-CR02131 and 2022-CR02131-01[.] My 4th, 5th and 6th amendment where [sic] violated as I was detained and interrogated without waiving any of my rights and without having an attorney present. I was arrested without being properly identified, forced to fingerprint under my late grandfather['s] NORBERT CODY name. No witness

3

ever show'd [sic] up to a[] court appearance to support the accusations brought
against [sic] me. The court and plaintiff failed to state[] the cause of action for
which relief may be granted pursuant to 509.050 on 03/17/21. I never received final
disposition to information, complaint, indictment filed against me as I requested
pursuant to 217.450. I was held pass[ed] 120 days without being given trial pursuant
[sic] to 217.490. I'm not given a fair trial with the Judges and Prosecutors being
employed by the state and the State being the alle[g]ed injured party. I suffered
emotional distress. My Charact[e]r has been dafamated [sic]. My Identity has been
questioned and disrespected. I have lost personal relationships and business
relationships.

I missed out on financial gain from my llc's. I been mased [sic] in the eye and
threated [sic] by correctional officers. I have been held in a[] high security facility
when my classification was medium security. I was denied ediquate [sic] health
service & my vegan diet.

*Id.*

For relief, plaintiff requested $3,100,000 in monetary damages and to "place Norbert KO

Cody II, Joy Ann Cody, Faith Elizebeth Cody, Hope Nicole Cody, and Clarissa Maria Evans on

the don't detain, arrest, prosecute list." *Id.*

### Second Amended Complaint

On February 22, 2022, plaintiff filed a second amended complaint, which supercedes[2] the

original complaint and the amended complaint in its entirety. He brings an action pursuant to 42

U.S.C. § 1983 and 28 U.S.C. § 2241 against the following defendants: the State of Missouri; the

"Department of Corrections"[3]; St. Louis City Justice Center; and Unknown Clemons Abdullah

(Commissioner).

Plaintiff's second amended complaint is handwritten and difficult to read. However, his

"Statement of Claim" alleges as follows:

---

[2]*In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-
established that an amended complaint supercedes an original complaint and renders the original
complaint without legal effect").

[3]The Court assumes that plaintiff is referring to the Missouri Department of Corrections.

4

St. Louis Police Department unlawfully detained me. I was walking down the street on 11/25/20 downtown STL…I was taken to the police station and interrogated without being properly identified, waiving any rights and with no attorney present. I answered no questions and was arrested. Taken to St. Louis City Justice Center and was physically forced to fingerprint under Norbert Cody. The State of Missouri then issued charges. I was forced to defend myself in Case No. 2022-CR02131 and No. 2022-CR02131-01. Held in detention with no bond in violation of El Morocco Peace and Friendship Treaty 1787 Article 7 and 1836. At the St. Louis City Justice Center and Workhouse, I was held in custody in violation of the El Morocco Peace and Friendship Treaty 1787 Article 7 and 1836.[4] I informed several staff members of my political status and nationality, and they did nothing to release me. I was held in custody from 12/25/20-6/2/21 and then 10/6/21 to present date.

Plaintiff asserts that his character was "defamed," and while in custody he was subject to mold and riots and was sprayed with mace in the eye on one occasion. Plaintiff also states in a conclusory manner that when he was incarcerated at the St. Louis City Workhouse, he noticed that it did not have a dentist on staff. However, he does not indicate that he asked for dental assistance and was denied a dentist at that time. Plaintiff also asserts in a conclusory manner that he ate "cross-contaminated food" because he is a vegan. Plaintiff does not explain his statement.

Plaintiff requests that the Court "enjoin, dismiss, stop state prosecution in Case #2022-CR02131-01" He seeks release from custody. Plaintiff does not appear to be seeking monetary damages in this action.

### Plaintiff's State Court Criminal Action

Plaintiff alleges he has been unlawfully incarcerated and cites to his underlying criminal case, *State v. Cody*, Case No. 2022-CR02131-01 (22nd Jud. Cir. 2021). The Court has reviewed

---

[4]It appears that plaintiff is asserting that the state court lacks jurisdiction over him. Such allegations of sovereignty and exemption from jurisdiction have been rejected as frivolous in this Circuit and other federal courts around the nation, and they are rejected in this case as well. *See United States v. Hart,* 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe,* 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

the records of that case on Missouri Case.net, the State of Missouri's online docketing system.[5] Plaintiff was charged on March 18, 2021, with one count of burglary in the second degree, one count of attempted stealing, one count of harassment in the first degree, and one count of harassment in the second degree. On May 5, 2021, plaintiff appeared for his arraignment. Plaintiff indicated he did not wish to obtain counsel or have counsel appointed for him, and the circuit court entered a plea of not guilty on plaintiff's behalf.

On June 2, 2021, plaintiff was released on bond, with orders to be fitted with a GPS monitoring system within five (5) days of release. However, plaintiff failed to be fitted with a GPS monitor. Thus, on August 25, 2021, the Court ordered plaintiff to report within twenty-four hours (24) to Total Court Services to get his GPS Monitor. Plaintiff failed to do so, and his bond was revoked on August 31, 2021. A warrant was issued for his arrest on that date.

On October 13, 2021, plaintiff appeared before the Court in person, and he was again asked to retain counsel. He was furnished once again with the Missouri Public Defender application. On October 19, 2021, a Missouri Public Defender entered his appearance on behalf of plaintiff. Plaintiff's counsel immediately sought to dismiss the counts of burglary in the second degree, as well as attempted stealing. Counsel for plaintiff also moved to reduce plaintiff's bond. The Court denied the motion to reduce bond but the motion to dismiss counts 1 and 2 are still pending.

Despite plaintiff's counsel's work on his behalf, on December 3, 2021, plaintiff moved to terminate his attorney. Plaintiff insisted that his counsel "worked for the state" and therefore having a public defender was a "conflict of interest." The Court, in turn, ordered on January 19, 2022, that plaintiff submit for a mental examination to determine if he was competent to waive

---

[5]The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

counsel.

## Discussion

The Court will first address plaintiff's contentions brought pursuant to 28 U.S.C. § 2241. In his second amended complaint, plaintiff asserts that he has been held by the state court without bond. As noted above, his claim is untrue. The state court considered bond on at least two occasions in *State v. Cody*, Case No. 2022-CR02131-01 (22nd Jud. Cir. 2021). And he was granted bond and released on his own recognizance for several months.

He was granted bond on June 2, 2021. However, he failed to register for his GPS monitoring device, therefore, his bond was revoked. *State v. Cody*, Case No. 2022-CR02131-01 (22nd Jud. Cir. 2021). Additionally, the state court provided plaintiff an opportunity, on August 25, 2021, to ameliorate his failure to register for his GPS device, and he still failed to register.

Additionally, after he accepted counsel from the Missouri Public Defender's Office on October 19, 2021, his counsel sought a reduction in the bond amount on his behalf. The motion to reduce bond was called and heard by the Court on November 22, 2021. *State v. Cody*, Case No. 2022-CR02131-01 (22nd Jud. Cir. 2021). The Court found:

> Defendant's Motion to Reduce Bond is called and heard. The State appears by and through counsel, Natalia Ogurkiewicz. Defendant appears, by and through counsel, Brian Horneyer. Pursuant to the Missouri Revised Statutes, the Missouri Court Rules, and the Constitutions of the State of Missouri and the United States, and after considering all of the factors included in Missouri Supreme Court Rule 33.01, the Court finds by clear and convincing evidence that there is no combination of monetary or non-monetary conditions that will ensure the safety of the community, victims and witnesses given Defendant's repeated refusal to comply with the conditions of his prior bond. Defendant's Motion to Reduce Bond is hereby denied.

Thus, plaintiff's allegations regarding constitutional violations relative to his request for bond, brought pursuant to 28 U.S.C. § 2241, are without merit.

The Court next turns to plaintiff's allegations brought pursuant to 42 U.S.C. § 1983 in his second amended complaint. Plaintiff appears to allege that he was falsely arrested and imprisoned

7

in violation of the Fourth Amendment.

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id*. at 393 (internal citation omitted).

Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to his criminal charges in *State v. Cody, Case No*. 2022-CR02131-01 (22nd Jud. Cir. 2021). These claims relate to rulings that will likely be made in his criminal trial. *Wallace*, 549 U.S. at 393. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter has been resolved through criminal appeals, as well as through post-conviction processes. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a

8

writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

The Court, however, will decline to stay this case pursuant to *Wallace v. Keto* because doing so would be futile. In the event this action is stayed and later reopened after the completion of the state proceedings, Plaintiff's claims against the named defendants would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Notwithstanding *Wallace v. Kato*, the second complaint is also legally frivolous as to defendants Missouri Department of Corrections, the St. Louis City Justice Center, and the State of Missouri. Claims against the State of Missouri are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Moreover, the State of Missouri, and by extension the Missouri Department of Corrections, is not a "person" for purposes of a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (state and state agencies are immune from damages under § 1983). This immunity extends not only to plaintiff's claims of false imprisonment, but also to his conclusory allegations relating to his conditions of confinement. Additionally, the St. Louis City Justice Center is not a suable entity. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Last, although plaintiff sues an individual defendant he identifies as Unknown Clemons Abdullah, presumably the Commissioner of the St. Louis City Justice Center, he has not made any specific allegations against this person. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *see also, Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising

operations of prison is insufficient to establish personal involvement required to support liability under § 1983).

Finally, to the extent plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state criminal proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No.5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for release from custody [ECF No. 11] is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25<u>th</u> day of February, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE